Ex parte Ernest ROSE, Jr.

No. 35838.

Court of Criminal Appeals of Texas.

May 22, 1963.

Rehearing Denied June 19, 1963.

David G. Copeland, Burney Walker, Waco, for appellant.

George Gray, Asst. Atty. Gen., Austin, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Relator, by petition for writ of habeas corpus, seeks his release from custody of C. C. Maxey, sheriff of McLennan County, and George Beto, director of the Texas Department of Corrections, who hold him by virtue of a warrant issued for his arrest by the Board of Pardons and Paroles following revocation of his parole by the Governor of this State.

The petition was presented to Honorable Bill Logue, Judge of the 19th Judicial District Court of McLennan County, who granted the writ and made the same returnable to this court, together with the facts ascertained upon the hearing, as provided by Art. 119, Vernon's Ann.C.C.P.

The record reflects that on September 10, 1956, appellant was convicted in Criminal District Court No. 2 of Dallas County, in Cause No. 6812–1, upon his plea of guilty and waiver of a jury, of the offense of robbery and assessed punishment at confinement in the penitentiary for fifteen years.

In his petition for habeas corpus, relator alleges that the judgment is void because no punishment was assessed therein.

Upon the hearing, the state introduced in evidence the original minutes of the court, containing the judgment—as well as a certified copy thereof, which judgment recited punishment of fifteen years assessed against relator. Relator introduced two certified copies of the judgment, which copies did not show the punishment of fifteen years assessed against him. Bill Shaw, district clerk of Dallas County, testified upon the hearing that the certified copies introduced by relator were incorrect in that the clerk who prepared them had omitted the figure "15" in the blank spaces therein.

Under the facts adduced, the judgment was shown to be a valid judgment.

In his brief, relator contends that the judgment is also void because the evidence shows no written waiver of a jury, executed by him, nor consent in writing executed by the state's attorney to his waiver of a jury, as required by Art. 10a, V.A.C.C.P.

Relator apparently overlooks certain exhibits—found in the record, that appear to have been introduced in evidence by him, which include his written waiver of a trial by jury, together with the court's consent and approval, and the written consent and approval executed by the district attorney of Dallas County, filed in Cause No. 6812–1, before the entry of relator's plea therein.

The relief prayed for is denied.

Opinion approved by the court.